## Parsons & Scoville Company et al. v. Terrell et al.

## Terrell v. Terrell.

(Decided February 26, 1929.)

BARNES & SMITH for plaintiff.

C. W. WELLS for defendants Parsons & Scoville Co. and Siler.

CLEMENTS & CLEMENTS for defendant Terrell.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

In the case of Parsons & Scoville Co. et al. v. Chester J. Terrell et al., the motion for an appeal is denied and the judgment affirmed.

There are two appeals on the same record, and the case of Chester J. Terrell v. C. W. Terrell requires a consideration of the facts and a determination of the question involved.

Chester J. Terrell is a son of C. W. Terrell. He had been engaged in the grocery business with his father. He withdrew and went into the same business for himself near the place of business of his father. He conducted his business about one month, when he left the city and went to St. Louis to attend the races. On the day that he left, a representative of Parsons & Scoville Company called at his place of business, and upon inquiry learned that he was absent and that his wife either did not know where he was or declined to say. The representative of Parsons & Scoville Company obtained information rather disquieting, as young Terrell was indebted in a large sum to his firm. He notified Mr. Siler, the local manager in Owensboro of Parsons & Scoville Company, who came to the place of business of young Terrell and had some discussion with Mrs. Terrell. There is a sharp conflict in the evidence as to what took place, but the result was that Parsons & Scoville Company closed the store of Terrell, placed a lock on the door, and took possession of the contents. It is the contention of Parsons & Scoville Company, and Mr. Siler, that the wife of Chester J. Terrell voluntarily surrendered the possession of the store to them, but she denies that she did so. At the end of four days, Chester J. Terrell returned to Owensboro and demanded possession of the store and its contents, which was refused. An attachment was obtained by Parsons & Scoville Company which was levied on the store, and the attachment was discharged by Chester J. Terrell through the execution of a bond. He continued his business for about thirty days thereafter, when he sold out. He then instituted suit against Parsons & Scoville Company, B. F. Siler, its manager, and his father, C. W. Terrell, seeking to recover damages for their alleged unlawful closing of his store. He claimed that he. lost profits during the four days that the store was closed, and that the conduct of the defendants in the suit injured the good will of his business, and that he lost profits during the thirty days that he attempted to rebuild his business, and that the value of his fixtures and furniture together with his stock of goods was depreciated by reason of their alleged wrongful conduct, and that he was compelled to sell at a loss. He obtained a judgment against Parsons & Scoville Company and B. F. Siler for the sum of $496, but the jury returned a verdict in favor of the defendant C. W. Terrell. His suit was against Parsons

& Scoville Company, B. F. Siler, and C. W. Terrell as joint tort-feasors. C. W. Terrell, in a separate answer, denied that he had anything whatever to do with the closing of the store. He so testified, but the proof for the plaintiff in the action tended to show that he was present and advised Parsons & Scoville Company and B. F. Siler to close the store, and that he gave information to them about his son which caused them to take possession of the store and its contents. There was a conflict in the evidence on the question as to whether C. W. Terrell was present and aided, assisted, counseled, or advised his codefendants to take possession of the store and close it over the protest of the wife of Chester J. Terrell. The issue was submitted to the jury and the jury found that he did not so take part in the actions of his codefendants in the closing of the store.

Counsel for Chester J. Terrell, on his appeal, insists that the court committed prejudicial error against him in allowing the introduction of oral testimony as to the contents of a letter written by Chester J. Terrell while he was in St. Louis. They insist that under the rules governing such matters as announced in the cases of Mutual Life Insurance Co. v. Louisville Trust Co., 207 Ky. 654, 269 S. W. 1014, and Haven Malleable Casting Co. v. W. E. Caldwell Co., 146 Ky. 135, 142 S. W. 227, oral proof of the contents of the letter should not have been admitted, because it was not clearly shown that the letter had been destroyed or misplaced. It is true that it is the general rule that the inability to produce a letter must be established before its contents may be proven, but we believe that the evidence in this case shows that the letter had been destroyed. The brother of Chester J. Terrell, to whom the letter was written, stated that he did not have the letter which he had received from his brother. He further said that he was not in the habit of keeping the letters he received. If he did not have the letter and was not in the habit of keeping letters that he received, we are of the opinion that his statement to that effect was sufficient to allow oral proof as to the contents of the letter, and especially is that true when he was not called upon by any one to give further information as to what had become of the letter or what he did with it. The contents of the letter were to the effect that Chester J. Terrell wrote his brother asking him to obtain a suit of clothes which he had left at some place in Owensboro and

send it to him, and further that he requested his brother to make some arrangements about having his wife and baby come to St. Louis. We hardly see how this throws any material light on the cause of action alleged against C. W. Terrell. It does not show that he aided, assisted, or advised his codefendants in closing the store. It may be that it afforded him information that his son was not going to return, but Parsons & Scoville Company had no right to close the store without taking legal steps to do so, regardless of whether Chester J. Terrell ever returned. The sole question submitted to the jury, and the only one which should have been submitted, was whether C. W. Terrell did anything which caused the store of Chester J. Terrell to be closed. We find no error prejudicial to the rights of Chester J. Terrell in the admission of evidence as to the contents of this letter. The verdict of the jury was a finding of the amount of damages caused Chester J. Terrell by the closing of his store. He received at the hands of the jury full compensation for any wrong which had been done him, and for that reason he is in no position to complain that the jury did not divide the verdict and return a part of it against C. W. Terrell and a part of it against the other defendants. The jury was told by the court, in response to a direct question by the jury, that it might find all the damages against one or another or all of the defendants, and, in response to the instructions thus received from the court, the jury brought in a verdict against the defendants other than C. W. Terrell. The other defendants are not here complaining on account of the failure of the jury to return a verdict against C. W. Terrell.

Judgment affirmed.